UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISON P. NODINE,<br><br>        Plaintiff,<br><br>    v.<br><br>LAMISHA ELLIS, et al.,<br><br>        Defendants. | No.  2:25-cv-1191 CSK P<br><br><br><br>ORDER |

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed on his Eighth Amendment claims, or may elect to amend his complaint as discussed below.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III.    PLAINTIFF'S COMPLAINT

In his first claim, plaintiff alleges that defendant Lamisha Ellis challenged plaintiff to a fight. (ECF No. 1 at 3.) When plaintiff declined to engage with Ellis, she charged toward plaintiff while he was on the phone, stopping about a foot from him and called him a "bitch ass nigger!" (Id.) Plaintiff told Ellis to get away from him, she humiliated plaintiff in front of all the inmates, who began to laugh at plaintiff. Ellis then open palm slapped plaintiff on the right side of his face, causing the phone to smack into plaintiff's cheek. (Id.) Plaintiff also alleges that

defendants Gerardo Mendez and David Joseph failed to intervene and control their partner, causing the incident to escalate. Plaintiff alleges these acts violated the Fourth and Eighth Amendments and the Bane Act. (Id.) As injury, plaintiff alleges that calling him a racial slur and challenging him to a physical fight affected his mental well-being and gave him anxiety/panic attacks. (Id.) The escalation of the incident caused plaintiff severe headaches. (Id.)

In his second and third claims, plaintiff alleges defendants Mendez and Joseph stood by while defendant Ellis berated plaintiff. (Id. at 4-5.) After several minutes of Ellis screaming, defendants Mendez and Joseph decided to start grabbing plaintiff, and when plaintiff backed away, Mendez struck plaintiff with closed fists twice (in the mouth and forehead), causing plaintiff to black out. Defendants Mendez and Joseph both assaulted plaintiff. (Id.) As a result, plaintiff now suffers from chronic headaches due to severe head trauma, and regular anxiety and panic attacks. (Id.)

Plaintiff seeks injunctive relief and money damages.

IV. DISCUSSION

    A. Verbal Harassment

Plaintiff is advised that racial slurs, although repugnant, do not state a civil rights claim. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Plaintiff is unable to amend to state a civil rights claim based on racial slurs or harassment.

///

4

B. Fourth Amendment

The Fourth Amendment governs searches and arrest warrants. U.S. Const. amend. IV. Plaintiff cites the Fourth Amendment, but in the context of his claims, plaintiff alleges no facts supporting a Fourth Amendment cause of action. It is unclear whether plaintiff could amend to state a viable Fourth Amendment cause of action, but he is granted leave to amend.

C. The Bane Act

Plaintiff alleges a violation of the Tom Bane Civil Rights Act.[1] The complaint does not, however, plead any facts suggesting compliance with California's Government Claims Act ("GCA"). No state lawsuit for money or damages may be brought against a public entity unless those claims have been presented for review and rejects them by issuing notice or failing to act. See Cal. Gov't Code § 900 et seq. "Compliance with [the GCA] is required before plaintiff may sue a state entity or its officers for tort violations and claims under the California Constitution or the Bane Act." Davis v. Allison, 2023 WL 6796753, at *5 (E.D. Cal. Oct. 13, 2023) (citing collected cases), report and recommendation adopted sub nom. Davis v. Godwin, 2023 WL 8789296 (E.D. Cal. Dec. 19, 2023). Plaintiff's complaint does not allege compliance with the GCA and therefore fails to plead any state law claim for damages. See Mohsin v. California Dep't of Water Res., 52 F. Supp. 3d 1006, 1017 (E.D. Cal. 2014) (dismissing state law claims for failure to allege compliance with GCA). Plaintiff may remedy this defect by alleging further facts if plaintiff timely presented his claims. Plaintiff is provided leave to amend.

V. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Lamisha Ellis, Gerardo Mendez, and David Joseph and pursue plaintiff's potentially cognizable Eighth Amendment claims against

---

[1] The Tom Bane Civil Rights Act, 1987 Cal. Stat. 4544, was enacted in 1987 to address hate crimes. The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out "by threats, intimidation or coercion." See Venegas v. County of Los Angeles, 153 Cal.App.4th 1230, 1232 (2007). Section 52.1 "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105 (9th Cir. 2014) (quoting Cal. Civ. Code § 52.1). Claims under section 52.1 may be brought against public officials who are alleged to interfere with protected rights, and qualified immunity is not available for those claims. See Venegas, 153 Cal.App.4th at 1246.

them based on their alleged use of excessive force, or plaintiff may delay serving any defendant and attempt to remedy the deficiencies set forth above. If plaintiff elects to proceed forthwith against defendants Lamisha Ellis, Gerardo Mendez, and David Joseph, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the remaining claims against them without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt to remedy the deficiencies identified above. If plaintiff elects to amend his complaint to attempt to state a cognizable Fourth Amendment claim or to demonstrate he has complied with California Government Claims Act, plaintiff has thirty days to amend.

Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's Fourth Amendment and Bane Act claims are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable Fourth Amendment claims against defendants, and demonstrate compliance with the California Government Claims Act. Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendants Lamisha Ellis, Gerardo Mendez, and David Joseph. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so

7

indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the remaining claims without prejudice.

     5. Failure to comply with this order will result in this action proceeding on the Eighth Amendment claims and recommending that the remaining claims be dismissed.

Dated: September 22, 2025

                                                    CHI SOO KIM
                                                    UNITED STATES MAGISTRATE JUDGE

/1/nodi1191.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISON P. NODINE,<br><br>            Plaintiff,<br><br>       v.<br><br>LAMISHA ELLIS, et al.,<br><br>            Defendants. | No.   2:25-cv-1191 CSK P<br><br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____        Plaintiff opts to proceed with his Eighth Amendment claims against defendants Lamisha Ellis, Gerardo Mendez, and David Joseph.  Under this option, plaintiff consents to dismissal of his remaining claims, including his Fourth Amendment and Bane Act claims, without prejudice.

**OR**

\_\_\_\_\_        Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                                        Plaintiff

1